## W. Scales *v.* The State.

1. Theft — Principal Offenders — Charge of the Court. — Defendant was separately indicted and tried in W. County as a principal offender in the theft of certain horses. The proof was, that in pursuance of an agreement made in C. County by the defendant and certain confederates, he remained in C. County while they went to W. County, stole the horses, brought them to C. County, where they were joined by the defendant, and the party took the animals to the Panhandle of Texas, and were there captured. On this state of proof the court below refused to instruct for acquittal if the jury believed the defendant guilty as an accomplice or accessory ; and charged, in effect, that if the parties acted together in the theft, pursuant to a common intent and previously formed design, all were principals, whether all were or were not personally present when the theft was committed. *Held*, correct, and in accord with former rulings of this court.

2. Indictment. — By the recital that "the grand jurors of the State of Texas, duly empanelled, charged, and sworn to inquire of offences committed in the county of W., upon their oath do present in the District Court of said county," etc., an indictment shows on its face that it is the act of a grand jury of the county therein named.

Appeal from the District Court of Wise. Tried below before the Hon. J. A. Hood.

The case is sufficiently disclosed in the opinion and head-notes. Appellant was allotted fifteen years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.   The evidence disclosed that the animals alleged to have been stolen were taken in the county of Wise by two confederates of the appellant, and under his direction, and that, after they were taken to the county of Clay, appellant joined the party and went with them to the Panhandle country, where they were soon afterwards captured with their booty, the appellant being found, at the time of the capture, upon one of the stolen horses, and lending his active assistance in furthering the joint enterprise.   At the time of the actual perpetration of the theft, appellant was in Clay County, and the four participants, appellant and three others, were partners in the enterprise, under an arrangement to share the profits equally.   The court refused an instruction asked by defendant to the effect that, if the jury should find that the defendant was only guilty as an accomplice or accessory, they should acquit, he being indicted as a principal; and in its stead the court instructed the jury as follows: —

"All persons are principals who are guilty of acting together in the commission of an offence, and principals, whether jointly indicted or not, may be legally prosecuted and convicted as such, provided the evidence adduced against each clearly and satisfactorily establishes the guilt of each.   Where an offence has been committed, the true criterion for determining who are principals is, 'Did the parties act together in the commission of the offence? Was the act committed in pursuance of a common intent, and in pursuance of a previously formed design in which the minds of all united and concurred?'   If so, then the law is that all are alike guilty, provided the offence was actually committed during the existence and in execution of the common design and intent of all, whether in point of fact

all were actually bodily present on the ground where the offence actually took place, or not."

This instruction very clearly presented the law applicable to the case, and is in accord with the previous decisions of this court.    *Welsh* v. *The State*, 3 Texas Ct. App. 413.

No substantial defect is perceived in the indictment. While it may be subject to grammatical criticism as to the proper arrangement of its terms, yet the offence is set forth in plain and intelligible words, and contains all essential ingredients.    The failure to designate the grand jurors as of the county of Wise, as well as of the State of Texas, is immaterial, it being alleged that they were empanelled, charged, and sworn to inquire of offences committed in the county of Wise, and make their presentment in the District Court of that county.    *Coker* v. *The State*, decided at the present term, *ante*, p. 83.

The evidence fully supports the verdict, and the judgment is affirmed.

*Affirmed.*